| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation,<br><br>                    Plaintiffs,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, PRITHVI CATALYTIC, INC., a Delaware corporation, PRITHVI SOLUTIONS, INC., a Delaware corporation, PRITHVI INFORMATION SOLUTIONS INTERNATIONAL LLC, a Pennsylvania limited liability company, INALYTIX, INC. a Nevada corporation, INTERNATIONAL BUSINESS SOLUTIONS, INC., a North Carolina corporation, AVANI INVESTMENTS, INC., a Delaware corporation, ANANYA CAPITAL, INC., a Delaware corporation, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an individual, GURU PANDYAR, an individual, JANE DOE PANDYAR, an individual, SRINIVAS SISTA, an individual, JOHN DOE SISTA, an individual, DCGS, INC., a Pennsylvania company, EPP, INC., a Washington corporation, FINANCIAL OXYGEN, INC., a Washington corporation, HUAWEI LATIN AMERICAN SOLUTIONS, INC., a Florida corporation, L3C, INC., a Washington corporation, LALITA SISTA, an individual, SATISH VUPPALPATI, an individual,<br><br><br>                    Defendants. | IN THE UNITED STATES DISTRICT COURT<br>FOR THE WESTERN DISTRICT OF PENNSYLVANIA<br><br><br>Case No. 20-mc-98<br><br>[Judgment Registered From U.S.D.C. Western District of Washington, No. 2:13-cv-01034-MJP] |

## ANSWERS TO INTERROGATORIES DIRECTED TO GARNISHEE AND NEW MATTER

NOW COME Plaintiffs Kyko Global Inc. and Kyko Global GmbH ("Plaintiffs") propounding the following INTERROGATORIES to GARNISHEE, Elliot & Davis, PC:

A. You are required to file answers to the following interrogatories within twenty (20) days after service upon you. Failure to do so may result in judgment against you.

B. Herein, the word "Defendant" means any one or more of the defendants against whom the Writ of Execution is issued, including Defendant Madhavi Vuppalapaati, and her marital community (husband Anandhan Jayaraman).

C. Herein, "You" and/or "Your" means Elliot & Davis, PC.

C. While service of the Writ upon the Garnishee attaches all property of the Defendant subject to attachment that is then in the hands of the garnishee, it also attaches all property of the defendant that comes into the Garnishee's possession *thereafter,* until Judgment is entered against the Garnishee. For example, the resultant liability of a Garnishee-Bank would not be measured by the balance in the debtor's account, either at the time of service of the Writ or at the time of Judgment against the Garnishee, but rather by the amounts deposited and withdrawn during the intervening period.

## INTERROGATORIES

1. At the time you were served or at any subsequent time: (i) have you received and/or are you in possession of funds constituting marital community property of Madhavi Vuppalapati and Anandhan Jarayaman; or (ii) did you owe the defendant any money or were you liable to the defendant on any negotiable or other written instrument, or did the defendant claim that you owed the defendant any money or were liable to the defendant for any reason?

ANSWER:

**(i)     No, to Garnishee's knowledge and information.**

**(ii)** **No.**

2. If the answer to Interrogatory 1 is in the affirmative, state the following: the amount of money you have received and/or are in possession of; and/or owe or owed to defendant, and, if such money is in the form of a fund, the present location thereof; the terms, face amount and amount you owe or owed to defendant on each of such negotiable or other written instruments and the present location of each of such instruments; the amount or amounts that defendant claims or claimed that you owe or owed to him/her; and the nature and amount of each of such liabilities.

ANSWER:

**Not Applicable.**

3. At the time you were served or at any subsequent time was there in your possession, custody, or control of yourself and one or more other persons any property of any nature owned solely or in part by the Defendant Madhavi Vuppalapati, and/or her marital community (husband Anandhan Jayaraman)?

ANSWER:

**No, to Garnishee's knowledge and information.**

4. If the answer to Interrogatory 3 is in the affirmative, describe the nature, fair market value, and present location of each of such properties.

ANSWER:

**Not Applicable.**

5. At the time you were served or at any subsequent time did you hold legal title to any property of any nature owned solely or in part by the Defendant Madhavi Vuppalapati, and/or her marital community (husband Anandhan Jayaraman) or in which said defendant held or claimed any interest?

ANSWER:

**No.**

6. If the answer to Interrogatory 5 is in the affirmative, describe the nature, fair market

value, and present location of each of said properties.

ANSWER:

**Not Applicable.**


7. At the time you were served or at any subsequent time did you hold as fiduciary any property in which the Defendant Madhavi Vuppalapati, and/or her marital community (husband Anandhan Jayaraman) had an interest?

ANSWER:

**No.**


8. If the answer to Interrogatory 7 is in the affirmative, describe the nature, fair market value, and present location of each of such properties.

ANSWER:

**Not applicable.**


9. At any time before or after you were served, did the Defendant Madhavi Vuppalapati, and/or her marital community (husband Anandhan Jayaraman) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefor?

ANSWER:

**No, to Garnishee's knowledge and information.**


10. If the answer to Interrogatory 9 is in the affirmative, describe the nature, fair market value, and present location of each of such properties.

ANSWER:

**Not applicable.**

11. At any time after you were served did you pay, transfer, or deliver any money or property to the Defendant Madhavi Vuppalapati, and/or her marital community (husband Anandhan Jayaraman) or to any person or place pursuant to the defendant's direction or otherwise discharge any claim of the defendant against you?

ANSWER:

**No.**

12. If the answer to Interrogatory 11 is in the affirmative, describe the amount or nature, fair market value, and present location of each of such payments and properties.

ANSWER:

**Not applicable.**

13. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the Defendant Madhavi Vuppalapati, and/or her marital community (husband Anandhan Jayaraman) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy, or attachment under Pennsylvania or federal law? If so, identify each account and state the reason for the exemption, the amount being withheld under each exemption, and the entity electronically depositing those funds on a recurring basis.

ANSWER:

**Not applicable.**

14. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the Defendant Madhavi Vuppalapati, and/or her marital community (husband Anandhan Jayaraman) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. § 8123? If so, identify each account.

ANSWER:

**Not applicable.**

15. Does the Elliott & Davis firm hold any funds of, for, or on behalf of Mr. Jayaraman in an IOLTA or other type of client trust or escrow account. If so, identify the amount of said funds, the source of said funds (including the source banking or financial institution and account number), when said funds were received, the institution at which said funds are/were held and account number for the account in which the funds are/were held.

ANSWER:

**Garnishee is presently holding certain funds of Defendant Jayaraman in the form of an advance retainer paid by Jayaraman to be credited against the cost of legal services to be performed by Garnishee on behalf of Jayaraman. The unapplied balance of the retainer held by Garnishee as of the date of service of the Writ of Execution and Interrogatories to Garnishee was $400.**

16. Since September 1, 2019, has the Elliot & Davis firm accepted payment from, by and/or on behalf of Anandhan Jayaraman. If so, set forth the source of such funds, the dates and amount of each such payment, the disposition of such funds, identify the banking institution and account number into which such payments were deposited and the dates of each deposit.

ANSWER:

**Garnishee has received payments from Anand Jayaraman in the form of an initial advance retainer for the performance of legal services on behalf of Anand Jayaraman and payments for legal services performed on behalf of Anand Jayaraman and invoiced to Anand Jayaraman. The consideration for all such payments was and is the performance of legal services on behalf of Anand Jayaraman. The source of all such payments received by Garnishee was a Visa credit card account with an account number ending in 2758 which, to Garnishee's knowledge and information, is an account belonging solely to Defendant Jayaraman.**

NEW MATTER

By way of further response Garnishee sets forth the following New Matter pursuant to Rule 3145 (b) of the Pennsylvania Rules of Civil Procedure:

17. Any and all funds held by Garnishee prior to, at the time of or subsequent to service of the Writ of Execution and Interrogatories to Garnishee upon Garnishee were received by Garnishee either as an advance retainer for the performance of legal services on behalf of Defendant Anand Jayaraman and/or as payment for services rendered on behalf of Defendant Anand Jayaraman.

18. Any and all funds held by Garnishee prior to, at the time of or subsequent to service of the Writ of Execution and Interrogatories to Garnishee upon Garnishee were received by Garnishee, held by Garnishee and applied by Garnishee as an advanced fee retainer respecting which the ownership of the funds passed to Garnishee at the time of payment to and receipt by Garnishee. As such, the funds held by Garnishee were and are therefore immune from, exempt from or otherwise not legally subject to attachment or garnishment execution under applicable law.

19. At the time of service of the Writ of Execution and Interrogatories to Garnishee upon Garnishee, Defendant Anand Jayaraman was indebted to Garnishee in the sum of $540.00 for legal services rendered by Garnishee on behalf of Defendant Anand Jayaraman and Garnishee therefore asserts that sum as a set off against any funds held by Garnishee which may otherwise be subject to attachment pursuant to the Writ of Execution and Interrogatories to Garnishee.

20. Any and all funds held by Garnishee prior to, at the time of or subsequent to service of the Writ of Execution and Interrogatories to Garnishee upon Garnishee are otherwise exempt from execution as being held by Garnishee in a trust account to be applied against the cost of legal fees incurred by Defendant Anand Jayaraman for legal services performed by Garnishee on his behalf.

21. Garnishee, having in its possession no property of the Defendant subject to execution, asserts its entitlement to recovery of legal fees as taxable costs of this matter pursuant to 42 Pa. C.S.A. §2503 (3).

22. To the extent any sums held by Garnishee are property of Defendant Anand Jayaraman, any such sums are subject to the general monetary exemption available to Defendant Anand Jayaraman under Pennsylvania law as he may seek to assert same.

ELLIOTT & DAVIS PC

By:/s/ *Jeffrey T. Morris*
PA ID #31010
6425 Living Place, Suite 200
Pittsburgh, PA 15206
morris@elliott-davis.com
Tel:  (412) 434.4911, ext. 34
Fax: (412) 774.2168
For Garinshee, Elliott & Davis PC

## VERIFICATION

    I, Jeffrey T. Morris, do hereby verify that the facts that are alleged in the foregoing Answers to Interrogatories to Garnishee are true and correct to the best of my knowledge, information and belief.  This Verification is made subject to the penalties of 18 Pa.C.S.A § 4904 relating to unsworn falsification to authorities.

Dated: 02/27/2020                        /s/ *Jeffrey T. Morris*
                                                      Jeffrey T. Morris

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and correct copy of the foregoing Answers to Interrogatories to Garnishee has been served by electronic mail and the Court's ECF system, this 28th day of February 2020, upon the following:

Joseph F. Rodkey, Jr, Esq.
FOWKES RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont PA 15139

Jason M. Maceyda, Esq.
Kyko Global, Inc.
P. O. Box 87491
Canton, MI 48187

Anand Jayaraman
anandhan@iitbombay.org
(Electronic mail only)

/s/ *Jeffrey T. Morris*
Jeffrey T. Morris